UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>     -v.-<br><br>JOHN DOE, *subscriber assigned IP address 74.89.105.193*,<br><br>        Defendant. | 24 Civ. 01706 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

  Plaintiff Strike 3 Holdings, LLC ("Strike 3") seeks to serve a subpoena on Optimum Online, an internet service provider ("ISP"), to ascertain the identity of the John Doe Defendant in this case.

  Several judges in this District have previously addressed the legal issues raised in Strike 3's motion, ECF No. 6. *See, e.g.*, *Malibu Media, LLC v. John Doe*, No. 15 Civ. 7333, ECF No. 12 (S.D.N.Y. Oct. 8, 2015); *Malibu Media, LLC v. John Does 1-4*, 12 Civ. 2955, 2012 WL 3104887, at *2 (S.D.N.Y. July 31, 2012); *Digital Sin Inc. v. Does 1-27*, No. 12 Civ. 3873, 2012 WL 2036035, at *3 (S.D.N.Y. June 6, 2012). For the reasons stated in those opinions, the Court finds that Strike 3 has established good cause to serve a third-party subpoena on John Doe's ISP and to do so prior to a Rule 26(f) conference. Strike 3 has established a *prima facie* claim of copyright infringement. Moreover, Strike 3 needs John Doe's identity in order to effect service. Finally, Strike 3 has no alternative means to ascertain John Doe's identity. The Court also concludes that there is good cause to issue a protective order in connection with this subpoena, considering the risk of false positive identifications that could result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Accordingly, it is hereby ORDERED that:

1.      Strike 3 may serve a Rule 45 subpoena on Optimum Online—the ISP identified in its motion—to obtain information to identify John Doe, specifically his or her true name and current and permanent address.  Strike 3 shall not subpoena the ISP for John Doe's email addresses or telephone numbers.  The subpoena shall have a copy of this Order attached, along with the attached "Notice to Defendant."

2.      Optimum Online will have 60 days from the date of service of the Rule 45 subpoena to serve John Doe with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant."  The Order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena.  Optimum Online may serve John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class U.S. mail or overnight service.

3.      John Doe shall have 30 days from the date of service of the Rule 45 subpoena and this Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  Optimum Online may not turn over John Doe's identifying information to Strike 3 before the expiration of this 30-day period.  Additionally, if John Doe or Optimum Online files a motion to quash the subpoena, Optimum Online may not turn over any information to Strike 3 until the issues have been addressed and the Court issues an Order instructing Optimum Online to resume providing the requested discovery.  Should John Doe move to quash the subpoena or to proceed anonymously, he or she shall, simultaneously with filing such a motion, also notify Optimum Online so that it is on notice not to release any of John Doe's contact information to Strike 3 until the Court rules on any such motions.

4. If that 30-day period lapses without John Doe or Optimum Online contesting the subpoena, then Optimum Online shall have 10 days to produce to Strike 3 the information responsive to the subpoena.

5. Optimum Online shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

6. Optimum Online shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested in the subpoena. Should Optimum Online elect to charge for the costs of production, it shall provide a billing summary and cost report to Strike 3.

7. Strike 3 shall serve a copy of this Order, along with any subpoena issued pursuant to the Order, on Optimum Online.

8. Any information ultimately disclosed to Strike 3 pursuant to its Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its Complaint.

Strike 3's motion for leave to serve a third-party subpoena on Optimum Online is GRANTED. The Clerk of Court is directed to terminate ECF No. 6.

SO ORDERED.

Dated: May 6, 2024
New York, New York

JENNIFER H. REARDEN
United States District Judge

## NOTICE TO DEFENDANT

1. You are a defendant in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 74.89.105.193*, **Case No. 24 Civ. 01706 (JHR)**, a case now pending before the Honorable Jennifer H. Rearden, United States District Judge for the Southern District of New York.

2. Attached is Judge Rearden's Order, dated May 6, 2024, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The Plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed copyrighted films on your computer.

5. The Plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The Plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the Plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within **60 days** of the date that

you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in paragraph 3.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the Plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is solely for use by the Court, and the Court will not provide this information to lawyers for the Plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. That means that the Court and the Plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office, as described in paragraph 3. This must be done within **60 days** of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.